# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

PHIL HAN JEON, *individually and on behalf of all others similarly situated*,

                          Plaintiff(s),

       -against-

MARYFIELD CLEANERS & LAUNDRY, YOUNG KYU LEE a/k/a YOUNG "JUNE" LEE, and PHILIP LEE,

                         Defendants.

------------------------------------------------------------x

Civil Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, PHIL HAN JEON (the "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, AHNE & JI, LLP, upon her knowledge and belief, and as against MARYFIELD CLEANERS & LAUNDRY, a New York corporation (the "Corporate Defendant"), YOUNG KYU LEE a/k/a YOUNG "JUNE" LEE, and PHILIP LEE (the "Individual Defendants") (hereinafter, collectively referred to as the "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff is a former employee of the Defendants.

2. Plaintiff and all other similarly situated non-exempt workers work or have worked as pressers, tailors, launderers, delivery persons, spotters, and front counter clerks.

3. Defendants own, operate, or control, or owned, operated, or controlled, a drycleaning business, previously located at 107-10 71st Road, Forest Hills, NY 11375, and subsequently relocated to 107-25 71st Road, Forest Hills, NY 11375, under the name, "Maryfield Cleaners & Laundry."

1

4.    Upon information and belief, the Individual Defendants serve or served as owners, managers, principals, or agents of the Corporate Defendant and, through the Corporate Defendant, operate or operated the drycleaning business as a joint or unified enterprise.

5.    Plaintiff was employed as a tailor at the drycleaning business, previously located at 107-10 71st Road, Forest Hills, NY 11375, and subsequently relocated to 107-25 71st Road, Forest Hills, NY 11375.

6.    At all times relevant to this Complaint, the Plaintiff worked for the Defendants in excess of forty (40) hours per week without appropriate minimum wage and overtime compensation for the hours that she worked.

7.    Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay the Plaintiff appropriately for all hours worked either at the straight rate of pay or for any additional overtime premiums.

8.    Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees.

9.    At all times relevant to this Complaint, the Defendants maintained a policy and practice of requiring the Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage, overtime compensation, and spread-of-hours, required by federal and state laws, rules, and regulations.

10.    Plaintiff now brings this action on behalf of herself, and all other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and for violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including spread-of-hours, and applicable liquidated damages, interests, attorneys' fees, and costs.

11.     Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated current and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

12.     Plaintiff also seeks certification of this action as a class action on behalf of herself, individually, and all other similarly situated current and former employees of the Defendant pursuant to Rule 23 of the Fed. R. Civ. P.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA and supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367(a).

14.     This Court has personal jurisdiction over the Defendants pursuant to and consistent with the Constitutional requirements of Due Process in that the Defendants, acting directly or through their agents or apparent agents, transacted business within the State of New York, entered into contracts within the State of New York, committed tortious acts within the State of New York, derived substantial amount of revenue within the State of New York, and/or owned, used, and/or possessed real property situated within the State of New York.

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, the Defendants maintained their corporate headquarters and offices within this district, the Defendants operated a drycleaning business located in this district, and the Plaintiff was employed by the Defendants in this district.

16.     Requiring the Defendants to litigate the Plaintiff's claims in the State of New York does not offend the traditional notions of fair play and substantial justice.

## PARTIES

17.     Plaintiff is an adult individual residing in Queens County, New York.

18.     At all relevant times, the Defendants owned, operated, or controlled a drycleaning business, previously located at 107-10 71st Road, Forest Hills, NY 11375, and subsequently relocated to 107-25 71st Road, Forest Hills, NY 11375, under the name "Maryfield Cleaners & Laundry."

19.     Upon information and belief, Maryfield Cleaners & Laundry is a domestic corporation organized and existing under the laws of the State of New York with a principal place of business at 107-25 71st Road, Forest Hills, NY 11375.

20.     Upon information and belief, the Individual Defendant, Young Kyu Lee a/k/a Young "June" Lee, is an adult individual residing in Queens County, New York.

21.     The Individual Defendant, Young Kyu Lee a/k/a Young "June" Lee, is an individual engaging (or who was engaging) in business in this judicial district during the relevant time period.

22.     Upon information and belief, the Individual Defendant, Philip Lee, is an adult individual residing in Queens County, New York

23.     The Individual Defendant, Philip Lee, is an individual engaging (or who was engaging) in business in this judicial district during the relevant time period.

24.     The Individual Defendants are being sued individually in their individual capacities as owners, officers, and/or agents of the Corporate Defendant.

25.     The Individual Defendants possess, or possessed, operational control over, and ownership interests in, the Corporate Defendant, and they control or controlled significant functions of the Corporate Defendant.

4

26.     The Individual Defendants set and determine, or set and determined, the wages and compensation of the employees of the Defendants, including the Plaintiff, establish, or established, the schedules of the employees, maintain, or maintained, employee records, and have, or had, the authority to hire and fire employees.

27.     At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and other applicable rules and regulations thereunder.

28.     At all relevant times, the work performed by the Plaintiff, FLSA Class Members, and the Rule 23 Class Members was directly essential to the business operated by the Defendants.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate, or operated, a drycleaning business, located in Queens County, New York.

30.     The Individual Defendants possess, or possessed, operational control over, and ownership interests in, the Corporate Defendant, and they control, or controlled, significant functions of the Corporate Defendant.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over the Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff, and all similarly situated individuals, referred to herein.

5

33.     Defendants jointly employed the Plaintiff (and all other similarly situated employees) and are the Plaintiff's (and all other similarly situated employees') employers within the meaning of 29 U.S.C. § 201, *et seq*. and the NYLL.

34.     In the alternative, the Defendants constitute a single employer of the Plaintiff and all other similarly situated individuals.

35.     Upon information and belief, the Individual Defendants operate, or operated, the Corporate Defendant as either an alter ego of themselves and/or fail, or failed, to operate the Corporate Defendant as an entity legally separate and apart from themselves, by among other things:

    a.     Failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a corporation;

    b.     Defectively forming or maintaining the corporate entity of the Corporate Defendant, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c.     Transferring assets and debts freely as between/among all the Defendants;

    d.     Operating the Corporate Defendant for their own benefit as the sole or majority shareholder;

    e.     Operating the Corporate Defendant for their own benefit and maintaining control over the Corporate Defendant as a closed corporation;

    f.     Comingling the assets and debts of their own with the Corporate Defendant;

    g.     Diminishing and/or transferring the assets of the Corporate Defendant to avoid full liability as necessary to protect their own interests; and

    h.     Other actions evincing a failure to adhere to the corporate form.

6

36.     At all relevant times, the Defendants were the Plaintiff's employers within the meaning of the FLSA and the NYLL.

37.     Defendants had the power to hire and fire the Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for the Plaintiff's services.

38.     In each year from 2016 to 2023, the Corporate Defendant had a gross annual volume of sales of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

39.     In each year from 2016 to 2023, the Corporate Defendant had at least two or more employees.

40.     In addition, upon information and belief, the Defendants were directly engaged in interstate commerce.  As an example, numerous items that were used in the drycleaning business on a daily basis are goods produced outside the State of New York.

*Individual Plaintiff*

41.     Plaintiff was employed by the Defendants from approximately August 2016 until in or about August 2023.

42.     Defendants employed the Plaintiff as a tailor.

43.     Plaintiff regularly handled goods in interstate commerce, such as drycleaning and laundry supplies and raw materials and other supplies produced outside the State of New York.

44.     Plaintiff's work duties and responsibilities required neither discretion nor independent judgment.

45.     From approximately August 2016 until in or about July 2021, the Plaintiff worked from approximately 7:30 a.m. until at or about 6:30 p.m., Mondays through Saturdays (typically 66 hours per week).

46.     From approximately August 2021 until in or about August 2023, Plaintiff worked from approximately 7:30 a.m. until at or about 6:00 p.m., Mondays through Saturdays (typically 63 hours per week).

47.     Throughout the Plaintiff's employment, the Defendants paid the Plaintiff's wages in cash.

48.     From approximately August 2016 until in or about July 2021, the Defendants paid the Plaintiff a fixed salary of $800.00 per week.

49.     From approximately August 2021 to in or about August 2023, the Defendants paid the Plaintiff a fixed salary of $1,200.00 per week.

50.     Plaintiff's pay did not vary even when she was required to stay late, work a longer day, or work extra hours and days than her usual work schedules.

51.     Throughout her employment, the Plaintiff was required to stay late and work longer hours, but the Defendants did not pay her for the additional time she worked and spread-of-hours premiums.

52.     Plaintiff was never paid spread-of-hours premiums for any day in which she worked over 10 hours per day.

53.     Plaintiff confronted the Defendants on several occasions and demanded that she be paid for the additional time she worked.

54.     Defendants never granted the Plaintiff any breaks or meal periods of any kind.

55.     Plaintiff was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual number of hours worked.

56.     Defendants did not provide the Plaintiff with an accurate statement of wages, as required by NYLL § 195(3).

57.     Defendants did not give any wage notice to the Plaintiff, in English and in Korean (Plaintiff's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

58.     In or about August 2023, the Defendants wrongfully terminated the Plaintiff without giving her any advanced notice.

*Defendants' General Employment Practices*

59.     At all times relevant to this Complaint, the Defendants maintained a policy and practice of requiring the Plaintiff (and all other similarly situated employees) to work in excess of forty (40) hours per week without paying her appropriate minimum wages and overtime compensation, as required by federal and state laws, rules, and regulations.

60.     Plaintiff was a victim of the Defendants' common policy and practices which violated her rights under the FLSA and the NYLL by, *inter alia*, not paying her the wages she was owed for the hours she worked.

61.     Defendants' pay practices resulted in the Plaintiff not receiving payment for all her hours worked and resulted in the Plaintiff's effective rate of pay falling below the required minimum wage rate.

62.     Defendants habitually required the Plaintiff to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

63.     Defendants failed to pay the Plaintiff one additional hour's pay at the basic minimum wage rate for each day the Plaintiff's spread-of-hours exceeded ten hours.

64.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

65.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and the NYLL.

66.     Upon information and belief, these practices by the Defendants were done willfully to disguise the actual number of hours the Plaintiff (and all other similarly situated employees) worked and to avoid paying the Plaintiff properly for her full hours worked.

67.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and the NYLL.

68.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to the Plaintiff and all other similarly situated former and current workers.

69.     Defendants failed to provide the Plaintiff and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regularly hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

70.     Defendants failed to provide the Plaintiff and other employees, at the time of hiring, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71.     Plaintiff brings her FLSA minimum wage, overtime compensation, spread-of-hours, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all other similarly situated former and current employees of the Defendants (the "FLSA Class Members"), *i.e.*, persons who are or were employed by the Defendants or any of them, on or after the date that is three years before the filing of the Complaint in this case (the "FLSA Class Period").

72.     At all relevant times, the Plaintiff and the FLSA Class Members were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subjected to the Defendants' common practices, policies, programs, procedures, protocols, and plans, including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and spread-of-hours, and willfully failing to keep records under the FLSA.

73.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation.  Defendants' unlawful

conduct has been intentional, willful and in bad faith, and has caused significant damages to the Plaintiff and the FLSA Class Members.

74.     The claims of the Plaintiff stated herein are similar to those of the other employees.

75.     The FLSA Class Members would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action.  Those similarly situated employees are known to the Defendants and are readily identifiable and locatable through their records.  These similarly situated employees should be notified of, and allowed to opt into, this action pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ALLEGATIONS

76.     Plaintiff brings claims for relief pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all current and former non-exempt employees, including, but not limited to, pressers, tailors, launderers, delivery persons, spotters, and front counter clerks, employed by the Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Rule 23 Class" or "Rule 23 Class Members").

77.     The Rule 23 Class Members are readily ascertainable.  The number and identity of the Rule 23 Class Members are determinable from the records of the Defendants.  The hours assigned and worked, the positions held, and rates of pay for each Rule 23 Class Member may also be determinable from the Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided by means of permissible under Rule 23 of the Fed. R. Civ. P.

78.     The proposed Rule 23 Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests are presently within the sole control of the Defendants, the Plaintiff asserts that there are more than forty (40) members of the Rule 23 Class.

79.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief that would be sought by each member of the Rule 23 Class in separate actions.  All the Rule 23 Class Members were subjected to the same corporate practices of the Defendants, including, but not limited to, (i) failing to pay the minimum wages; (ii) failing to pay the overtime wages; (iii) failing to pay the spread-of-hours premiums; (iv) failing to provide wage statements in compliance with the NYLL; and (v) failing to provide wage and hour notices upon hiring and as required thereafter pursuant to the NYLL.

80.     Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and the Defendants benefitted from the same type of unfair and/or wrongful acts as to each Rule 23 Class Member.

81.     Plaintiff and the Rule 23 Class Members sustained similar injuries, losses, and damages arising from the same unlawful policies, practices, and procedures utilized by the Defendants.

82.     Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

83.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a larger number of similarly situated

persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Rule 23 Class Members are small in the sense of pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Rule 23 Class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

84. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, further employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

85.     There are questions of law and fact common to the Rule 23 Class which predominate over any questions affecting only individual class members, including:

(a)  Whether the Defendants employed the Plaintiff and the Rule 23 Class Members within the meaning of the NYLL;

(b)  What were, and are, the policies, practices, programs, procedures, protocols, and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Plaintiff and the Rule 23 Class Members properly;

(c)  At what common rate, or rates subject to common methods of calculation, was and are the Defendants required to pay the Plaintiff and the Rule 23 Class Members for their work;

(d)  Whether the Defendants properly notified the Plaintiff and the Rule 23 Class Members of their hourly rate and overtime rate;

(e)  Whether the Defendants required the Plaintiff and the Rule 23 Class Members to perform unpaid off-the-clock work;

(f)  Whether the Defendants paid the Plaintiff and the Rule 23 Class Members the minimum wages and the overtime premiums at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

(g)  Whether the Defendants paid the "spread-of-hours" premiums owed to the Plaintiff and the Rule 23 Class Members working more than ten (10) hours per day, as required by the NYLL;

(h) Whether the Defendants provided to the Plaintiff and the Rule 23 Class Members proper wage and hour notices at date of hiring, as required by the NYLL;

(i) Whether the Defendants provided proper wage statements informing the Plaintiff and the Rule 23 Class Members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required by the NYLL; and

(j) Whether the Defendants provided the Plaintiff and the Rule 23 Class Members proper wage statements with each payment of wages, as required by the NYLL.

## **AS AND FOR A FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

86.    Plaintiff repeats, reiterates, reincorporates, and realleges the allegations contained in all preceding paragraphs with the same force and effect as if or as though fully set forth herein.

87.    At all times relevant to this action, the Defendants were the Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

88.    Defendants had the power to hire and fire the Plaintiff, the FLSA Class Members, and the Rule 23 Class Members, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

89.    At all times relevant to this action, the Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

90.    Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

91.    Defendants failed to pay the Plaintiff, the FLSA Class Members, and the Rule 23 Class Members at the applicable minimum hourly rate in violation of 29 U.S.C. § 206(a).

92.    Defendants' failure to pay the Plaintiff, the FLSA Class Members, and Rule 23 Class Members at the applicable minimum hourly rate was intentional and willful within the meaning of 29 U.S.C. § 255(a).

93.    Plaintiff, the FLSA Class Members, and Rule 23 Class Members were damaged in an amount to be determined at trial.

<u>**AS AND FOR A SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

94.    Plaintiff repeats, reiterates, reincorporates, and realleges the allegations contained in all preceding paragraphs with the same force and effect as if or as though fully set forth herein.

95.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay the Plaintiff, the FLSA Class Members, and the Rule 23 Class Members overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a work week.

96.    Defendants' failure to pay the Plaintiff, the FLSA Class Members, and Rule 23 Class Members overtime compensation was intentional and willful within the meaning of 29 U.S.C. § 255(a).

97.    Plaintiff, the FLSA Class Members, and Rule 23 Class Members were damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

98.    Plaintiff repeats, reiterates, reincorporates, and realleges the allegations contained in all preceding paragraphs with the same force and effect as if or as though fully set forth herein.

99.    At all times relevant to this action, the Defendants were the Plaintiff's employers within the meaning of NYLL §§ 2 and 651.

100.    Defendants had the power to hire and fire the Plaintiff, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for their employment.

101.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid the Plaintiff less than the minimum wage.

102.    Defendants' failure to pay the Plaintiff the minimum wage was intentional and willful within the meaning of NYLL § 663.

103.    Plaintiff was damaged in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISION OF THE NEW YORK STATE LABOR LAW

104.    Plaintiff repeats, reiterates, reincorporates, and realleges the allegations contained in all preceding paragraphs with the same force and effect as if or as though fully set forth herein.

105.    Defendants, in violation of NYLL § 190, *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay the Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a work week.

18

106.    Defendants' failure to pay the Plaintiff overtime compensation was intentional and willful within the meaning of NYLL § 663.

107.    Plaintiff was damaged in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORD KEEPING REQUIRIEMENTS OF THE NEW YORK LABOR LAW

108.    Plaintiff repeats, reiterates, reincorporates, and realleges the allegations contained in all preceding paragraphs with the same force and effect as if or as though fully set forth herein.

109.    Defendants failed to provide the Plaintiff with a written notice, in English and in Korean (the Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

110.    Defendants are liable to the Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

19

111.    Plaintiff repeats, reiterates, reincorporates, and realleges the allegations contained in all preceding paragraphs with the same force and effect as if or as though fully set forth herein.

112.    With each payment of wages, the Defendants failed to provide the Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

113.    Defendants are liable to the Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS
### WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

114.    Plaintiff repeats, reiterates, reincorporates, and realleges the allegations contained in all preceding paragraphs with the same force and effect as if or as though fully set forth herein.

115.    Defendants failed to pay the Plaintiff one additional hour's pay at the basic minimum wage rate for each day the Plaintiff's spread-of-hours exceeded ten (10) hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the Wage Order of the New York Commissioner of Labor codified at 12 NYCRR § 142.

116.    Defendants' failure to pay the Plaintiff an additional hour's pay for each day the Plaintiff's spread-of-hours exceeded ten (10) hours was willful and intentional.

117.    Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter a judgment against the Defendants as follows:

a. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

b. Designating the Plaintiff, PHIL HAN JEON, as Representative of the FLSA Class Members;

c. Designating this action as a Class Action pursuant to Rule 23 of the Fed. R. Civ. P;

d. Designating the Plaintiff, PHIL HAN JEON, as Representative of the Rule 23 Class;

e. Declaring that the Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to the Plaintiff, the FLSA Class Members, and the Rule 23 Class Members;

f. Declaring that the Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to the Plaintiff, the FLSA Class Members, and the Rule 23 Class Members;

g. Declaring that the Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to the Plaintiff, the FLSA Class Members, and the Rule 23 Class Members' compensation, hours, wages, and any deductions or credits taken against wages;

h. Declaring that the Defendants' violations of the provisions of the FLSA were willful as to the Plaintiff, the FLSA Class Members, and the Rule 23 Class Members;

i.  Awarding the Plaintiff, the FLSA Class Members, and the Rule 23 Class Members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

j.  Awarding the Plaintiff, the FLSA Class Members, the Rule 23 Class Members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

k.  Declaring that the Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to the Plaintiff;

l.  Declaring that the Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to the Plaintiff;

m.  Declaring that the Defendants violated the spread-of-hours provisions of, and rules and orders promulgated by the Wage Order of the New York Commissioner of Labor as to the Plaintiff;

n.  Declaring that the Defendants violated the notice and recordkeeping requirements of the NYLL with respect to the Plaintiff's compensation, hours, wages and any deductions or credits taken against wages;

o.  Declaring that the Defendants' violations of the provisions of the NYLL were willful as to the Plaintiff;

p.  Awarding the Plaintiff damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable;

q.  Awarding the Plaintiff damages for the Defendants' violation of the NYLL notice and recordkeeping provisions pursuant to NYLL §§ 198(1-b), 198(1-d);

r.  Awarding the Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable and liquidated damages pursuant to NYLL § 198(3);

s.  Awarding the Plaintiff, the FLSA Class Members, and the Rule 23 Class Members pre-judgment and post-judgment interest as applicable;

t.  Awarding the Plaintiff, the FLSA Class Members, and the Rule 23 Class Members the expenses incurred in this action, including costs and attorneys' fees;

u.  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

v.  All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated:  September 13, 2023
       New York, New York

**AHNE & JI, LLP**

/s/ Younghoon Ji
By: Younghoon Ji, Esq.
*Attorneys for Plaintiff*
45 East 34th Street, 5th Floor
New York, New York 10016
Tel.: (212) 594-1035
Email: yji@ahnejillp.com